UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET ELAINE BELKNAP,<br><br>          Petitioner,<br><br>    v.<br><br>JOHN D SNAZA,<br><br>          Respondent. | CASE NO. C14-5073 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JUNE 13, 2014, |

The District Court referred this petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura. The referral is made pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The undersigned recommends dismissal of this habeas corpus petition for lack of subject matter jurisdiction because at the time of filing petitioner was not "in custody" as required by 28 U.S.C. § 2254(a). Because this issue is jurisdictional, the Court does not reach any other argument on the merits.

REPORT AND RECOMMENDATION - 1

## PRIOR CONVICTION

On August 26, 2010, petitioner was sentenced in Thurston County Superior Court for third degree assault against a police officer (Dkt. 7, Exhibit 1). The trial court sentenced petitioner to 30 days confinement and one year of supervised release (Dkt. 7, Exhibit 1). Petitioner served 16 days in custody and by October of 2011 had served the entire sentence, including the community custody portion of the sentence.

The facts giving rise to petitioner's conviction and sentence are not relevant for purposes of this order.

## PROCEDURAL HISTORY

Petitioner did not file a direct appeal. On March 18, 2011, after she had served the 30 days of jail sentence and while on community custody, petitioner filed a motion to vacate the conviction (Dkt. 7, Exhibit 2). The Superior Court transferred the motion to the Washington State Court of Appeals as a personal restraint petition (Dkt. 7, Exhibit 3). The Washington Court of Appeals denied the petition in August of 2012 (Dkt. 7, Exhibit 11). By August of 2012, petitioner was no longer serving the community custody portion of her sentence.

Petitioner filed a motion for discretionary review (Dkt. 7, Exhibit 13). On December, 28, 2012, the Washington State Supreme Court Commissioner denied the motion (Dkt. 7, Exhibit 14).

## DISCUSSION

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Thus, the statute authorizing the Court to entertain a habeas corpus petition only applies if the petitioner is in custody. This requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Custody is measured at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). At the time petitioner filed this petition -- January 27, 2014 -- she had not been in custody for nearly three years and she had served her thirty-day period of incarceration and her one year of community custody (Dkt. 1). Petitioner filed a "Brief in Support" of her petition and argues that the petition is not moot even though she is no longer in custody (Dkt. 8). Mootness and the in custody requirement are not the same thing. A person may proceed with a petition after they have been released as long as petitioner is in custody at the time she files. One of the cases petitioner cites illustrates the difference. *Spencer v. Kemma*, 523 U.S. 1, 7 (1998) (Petitioner satisfied the "in custody" requirement because he was in custody at the time the petition was filed, but the court then determined that the petition was moot because he could not show a live case or controversy).

Since petitioner was not in custody at the time she filed this petition, the undersigned recommends that her petition be dismissed for lack of subject matter jurisdiction.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c) (2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

1 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

2 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a

3 certificate of appealability with respect to this petition.

4       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

7 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

8 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June

9 13, 2014, as noted in the caption.

10       Dated this 21st day of May, 2014.

                                              J. Richard Creatura
                                              United States Magistrate Judge